**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven T. Waltner; Sarah Van Hoey, <br><br> Plaintiffs, <br><br> v. <br><br> United States, <br><br> Defendant. | No. CV18-1163-PHX-DGC <br><br> **ORDER** |

Pro se Plaintiffs Steven T. Waltner and Sara Van Hoey, who formerly were married, have sued the United States seeking tax refunds from 2013 through 2016. Doc. 1. Defendant United States moves to dismiss Plaintiffs' complaint under Rule 12(b)(1). Doc. 19. The motion is fully briefed and no party requests oral argument. Docs. 24, 29. The Court will dismiss the complaint without prejudice.

**I.      Legal Standards.**

    **A.      Rule 12(b)(1).**

A motion to dismiss under Rule 12(b)(1) can be either a facial or factual attack on jurisdiction. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack asserts that the allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To determine whether jurisdiction exists, the complaint's allegations are taken as true and construed in favor of the non-moving party. *Jacobsen v. Katzer*, 609 F.

Supp. 2d 925, 930 (N.D. Cal. 2009) (citing *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)).

A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In such an attack the plaintiff's allegations are not entitled to a presumption of truthfulness, the Court may look beyond the pleadings to resolve factual disputes, and the plaintiff has the burden of proving jurisdiction. *Id.* The plaintiff must "present affidavits or any other evidence necessary to satisfy its burden." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

### B. Subject Matter Jurisdiction over Tax Refund Suits.

To assert a claim against the United States, Plaintiffs must prove that sovereign immunity has been waived. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). As a result, "[a]bsent its consent to suit, an action against the United States must be dismissed." *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990).

Under 28 U.S.C. § 1346(a)(1), federal courts have jurisdiction over civil actions against the United States to recover collected taxes only when certain administrative requirements are satisfied. 28 U.S.C. § 1346; *United States v. Dalm*, 494 U.S. 596, 601 (1990). A plaintiff must first file an administrative claim for a refund with the Secretary of the Treasury. 26 U.S.C. § 7422(a); *Dalm*, 494 U.S. at 601-02; *see also Tosello v. United States*, 210 F.3d 1125, 1127 (9th Cir. 2000). The claim must be filed within "three years of the time the [plaintiff's tax] return was filed or two years of the time the tax was paid, whichever is later." *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987) (citing 26 U.S.C. § 6511(a)). Under the "look-back" provision in 26 U.S.C. § 6511, when a plaintiff files a claim within three years of filing her tax return, she may not recover more than the tax she paid "within the period[] immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." 26 U.S.C. § 6511(b)(2)(A). "Plaintiff must satisfy both the filing deadline and applicable 'look-back' period of § 6511[] in order to demonstrate a waiver of sovereign immunity by the United

States." *Family Leadership Found. v. United States*, No. 06 CV-678-PHX-SMM, 2006 WL 3218661, at *2 (D. Ariz. Nov. 3, 2006) (citing *Omohundro v. United States*, 300 F.3d 1065, 1067-69 (9th Cir. 200)).

A plaintiff may not sue until six months after filing her administrative claim, unless the Secretary issues a decision on the claim within six months. But suit must be brought no later than two years after notice of rejection of a claim. 26 U.S.C. § 6532(a)(1); *Sorenson v. Sec'y of Treasury of U.S.*, 752 F.2d 1433, 1439 (9th Cir. 1985).

## II. Plaintiffs' Complaint.

Count 1 alleges that Plaintiffs are owed a tax refund from their joint 2013 return, filed on April 25, 2014, and amended on April 15, 2015. Doc. 1 at 5. Documentation from the Internal Revenue Service ("IRS") shows that Plaintiffs had an overpayment in 2013 of $1,222, which was applied to an unpaid civil penalty they owed from 2004. Doc. 25-6 at 2-4. Plaintiffs dispute any unpaid liability from 2004.[1] Docs. 24 at 4-5; 1 at 6.

Count 2 seeks a tax refund from Plaintiffs' joint 2014 return, filed on April 15, 2015. Doc. 1 at 7-8. IRS documentation shows that Plaintiffs had an overpayment in 2014 of $8,759.17, which was applied to unpaid tax liability from 2005 and 2007. Doc. 25-6 at 6. Plaintiffs deny liability for those years. Doc. 1 at 8.

Count 3 seeks a tax refund from Plaintiffs' joint 2015 return, filed on April 25, 2016. Doc. 1 at 9-10. IRS documentation shows that Plaintiffs had an overpayment in 2015 of $6,038.77, which was applied to unpaid tax liabilities from 2004 and 2007. Doc. 25-6 at 9. Plaintiffs deny liabilities for those years. Doc. 1 at 10.

Count 4 seeks a tax refund from Plaintiff Waltner's 2016 return, filed on October 30, 2017. Doc. 1 at 11. IRS documentation shows that Waltner had an overpayment in 2016 of $1,171.76, which was applied to unpaid tax liability from 2008. Doc. 25-6 at 15.

---

[1] Plaintiffs also allege that they were entitled to an earned income credit and other credits for 2013, and that the IRS applied the amount of those credits ($1,487) to a 2007 balance. Doc. 1 at 6. Plaintiffs have produced no evidence of exhaustion or the Court's jurisdiction over this claim. They do not mention this amount in the administrative claim filed on March 23, 2018, and do not develop this issue in their response. *See* Doc. 24.

- 3 -

Count 5 seeks a tax refund from Plaintiff Van Hoey's 2016 return, filed on October 18, 2017. Doc. 1 at 12. IRS documentation shows that Van Hoey had an overpayment in 2016 of $3,107.93, which was applied to unpaid tax liability from 2007. Doc. 25-6 at 12. Van Hoey denies liability for 2007. Doc. 1 at 13-14.

Count 6 seeks a refund of civil penalties that Plaintiffs allege they have overpaid. Doc. 1 at 14.

Count 7 seeks damages under 26 U.S.C. § 7433 related to "Defendant's collection of taxes for 2007 and civil penalties for 2003 through 2008." Doc. 1 at 14.

Count 8 seeks damages under 26 U.S.C. § 7432 related to Defendant's alleged failure to release tax liens. Doc. 1 at 20.

**III. Discussion.**

The government's Rule 12(b)(1) motion makes a factual attack. It challenges whether Plaintiffs have exhausted their administrative remedies as alleged in their complaint. *See* Docs. 19 at 1; 1 at 2. The Court therefore will not presume the allegations of the complaint to be true, and Plaintiffs bear the burden of proving subject matter jurisdiction.[2]

As noted above, Plaintiffs seek six tax refunds from 2013-2016 and damages. Doc. 1 at 5-11, 14, 20. The complaint alleges that Plaintiffs filed an administrative refund claim on March 23, 2018. Doc. 1 at 2. Plaintiffs also allege that they filed several tax returns which constitute administrative claims for Counts 1-5. *Id.* at 5-12.

**A. Plaintiffs' March 23, 2018 Administrative Claim.**

Plaintiffs produce an administrative claim they sent to the IRS, dated March 23, 2018, seeking overpayments from 2013 to 2016, a release of liens, and damages. Doc. 25-7 at 1-23.

---

[2] Defendant asserts that Plaintiffs have been sanctioned repeatedly by the United States Tax Court for frivolous arguments related to some of the claims in this case. Doc. 19 at 1-4. Defendant further asserts that some of these sanctions have been affirmed on appeal and others are now pending before the Ninth Circuit, and asks the Court to stay this case until the Ninth Circuit rules. Defendant provides a general description of issues on appeal (*id.* at 4 n.5), but does not describe them in any detail or explain their connection to this case. *Id.* The Court will not stay this litigation.

Plaintiffs filed their 2013-2016 tax returns between April 15, 2015 and October 18, 2017. Doc. 1 at 5-12. Thus, the March 23 claim was filed within three years of Plaintiffs filing their tax returns, complying with 26 U.S.C. § 6511(a) and § 7422(a) as to Counts 1-5. But, as Defendant argues, Plaintiffs prematurely filed their tax refund suit on April 16, 2018, less than six months after filing the March 23 claim and before the Secretary had issued a decision, in violation of § 6532. Doc. 19-1 at 7-8. Plaintiffs do not clearly respond to this argument. *See* Doc. 24 at 4-5. The Court agrees that the March 23 claim fails to comply with § 6532 and does not establish subject matter jurisdiction over any of Plaintiffs' claims for this reason.

The Courts notes, however, that as to Counts 1-3 and 5, Plaintiffs' March 23 claim "set[s] forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." *Synergy Staffing, Inc. v. IRS*, 323 F.3d 1157, 1160-61 (9th Cir. 2003) (quoting 26 C.F.R. § 301.6402-2(b)(1)). Except for Waltner's 2016 claim in Count 4, the March 23 claim discusses in detail the amounts Plaintiffs seek for tax years 2013-2016, addresses the years to which the disputed overpayments have been credited, and asserts the bases for Plaintiffs' claims. *See* Doc. 25-7. Six months have now passed since Plaintiffs filed their March 23 claim, and Defendant cites no other jurisdictional flaw that would prevent the Court from exercising subject matter jurisdiction based on the March 23 claim. *See* Doc. 19-1 at 7.

Because Plaintiffs filed prematurely, the Court must dismiss Counts 1-3 and 5 for lack of subject matter jurisdiction. But the Court finds that the March 23 claim provides fair notice to the IRS of Plaintiffs' claims in Counts 1-3 and 5. If, after dismissal, Plaintiffs elect to refile this suit as a new action, it appears Plaintiffs will have exhausted their administrative remedies through the March 23 administrative claim and the Court will have subject matter jurisdiction over those counts. More will be said of this below.

**B.    Plaintiffs' Tax Returns as Administrative Claims.**

Plaintiffs allege that they filed tax returns for tax years 2013-2016, and argue that the Court should treat the returns as administrative claims for purposes of complying with

§ 6532 and § 7422. Doc. 24 at 5-9, Doc. 1 at 5-12. As Plaintiffs note, a Form 1040X income tax return may satisfy the § 7422(a) claim requirement. *Sorenson*, 752 F.2d at 1439; 26 C.F.R. § 301.6402-3(1)-(5); *see also Erickson v. United States*, No. CV 13-00273-KAW, 2013 WL 2299624, at *3 (N.D. Cal. May 24, 2013) (discussing informal claim doctrine and citing cases). But Defendant argues that, under the facts here, Plaintiffs' tax returns do not constitute § 7422 claims that establish subject matter jurisdiction.[3] Doc. 19-1 at 7-9.

### 1. Parties' Arguments.

Section 7422(d) states that the "credit of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability at the time such credit is allowed." 26 U.S.C. § 7422(d). On five dates between August 3, 2015 and March 5, 2018, the IRS notified Plaintiffs that the five overpayments they seek from 2013-2016 had been credited to unpaid balances owed from previous tax years. Doc. 25-6. For example, on March 5, 2018, the IRS applied Plaintiff Waltner's 2016 overpayment to unpaid liability from 2008. *Id.* at 15. Citing cases from the Fifth, Seventh, and Eighth Circuits, Defendant argues that application of Plaintiff's overpayment to the 2008 balance constituted a cash payment towards the 2008 tax liability under § 7422(d), extinguished Plaintiff's 2016 administrative refund claim filed as a tax return, converted his claim for a 2016 tax refund into a 2008 tax issue, and triggered the statute of limitations under § 6511 as to the 2008 payment. Doc. 19-1 at 8-9. In other words, once Plaintiff's 2016 overpayment was applied to his 2008 liability, Plaintiff was required to file a claim for a 2008 refund to exhaust his administrative remedies. Because he did not comply with § 6511 by filing such a refund claim within two years of March 5, 2018 – the date on which

---

[3] Defendant does not argue specifically that Plaintiffs' tax returns were informal claims which was never perfected with formal claims, nor that Plaintiffs' tax returns could never constitute formal claims under § 7422. *See Duggan v. United States*, No. 2:16-CV-0034-SMJ, 2017 WL 1088088, at *3 (E.D. Wash. March 22, 2017) (discussing informal claims standard); *Sorenson*, 752 F.2d at 1439 (holding that a Form 1040X together with a letter to the IRS satisfied § 7422's claim requirement, but not indicating whether the form alone constituted a formal claim).

- 6 -

the 2008 tax was deemed paid – Defendant argues that Plaintiff failed to exhaust his administrative remedies. Docs. 19-1 at 8; 1; 25.

The parties do not cite, and the Court has not found, any Ninth Circuit law on whether Plaintiff was required to file a new claim after the IRS credited his 2016 overpayment towards his 2008 liability. The parties look to other cases.

Defendant relies on *Greene-Thapedi v. United States*, 549 F.3d 530, 532 (7th Cir. 2008). Doc. 19-1 at 8-9. There, the plaintiff sued in tax court to recover a 1999 overpayment of her federal income tax. *Id.* at 531. While the action was pending, the IRS applied the 1999 overpayment to plaintiff's disputed 1992 liability, which eliminated plaintiff's 1992 liability and left a remaining credit for 1992. *Id.* Plaintiff then filed an action in district court to recover the 1999 overpayment. *Id.* The government moved to dismiss and argued that the district court lacked subject matter jurisdiction because plaintiff no longer had a claim for a refund from the 1999 tax year because the 1999 overpayment had been applied to her 1992 liability. *Id.* at 531-32. The district court disagreed and found that plaintiff's tax court petition constituted an informal claim for the 1992 refund. *Id.* at 532. Plaintiff amended her district court complaint to seek a refund for tax year 1992. The district court ruled on her 1992 refund claim, holding that the IRS correctly calculated her tax liability for that year, and later dismissed the case when the IRS wrote plaintiff a check, apparently for the 1992 overpayment that arose when the 1999 refund was applied to 1992 obligations. *Id.*

Plaintiff appealed the district court's rulings with respect to the 1992 tax liability. The Seventh Circuit held that the district court lacked jurisdiction to rule on the 1992 tax liability and remanded the case for dismissal. The court of appeals held that "[u]nder § 7422(d), when the IRS applies an overpayment as a credit to a liability for a separate tax year, the taxpayer must file a refund claim for the year in which the IRS applied the credit." *Id.* Even though plaintiff's tax court case could be viewed as an informal administrative claim as the district court had held, the plaintiff failed to perfect that claim by filing a formal claim for refund of the 1992 overpayment. *Id.* at 533. As a result, the court of

appeals held that the plaintiff had not satisfied the administrative prerequisites to her claim for a 1992 refund and the district court lacked jurisdiction to proceed. *Id.*

Defendant's other cited cases do not clarify the issue or support its position. *See Kaffenberger v. United States*, 314 F.3d 944, 958-59 (8th Cir. 2003) (expressly declining to answer whether plaintiffs' failure to file a claim related to 1990 precluded jurisdiction over their suit for refunds of 1994 and 1996 overpayments when the IRS applied those overpayments to an unpaid 1990 tax liability); *Republic Petroleum Corp. v. United States*, 613 F.2d 518, 525 n.19 (5th Cir. 1980) (finding claim for refund timely under § 6511(a)); *Recchie v. United States*, 1 Cl. Ct. 726, 727 (Cl. Ct. 1983) (finding two-year statute of limitations in § 6511(a) had not run).

Plaintiffs cite a footnote in *In re Ryan*, 64 F.3d 1516, 1521 n.3 (11th Cir. 1995), and respond that the year to which the overpayment was applied is irrelevant in determining whether they have filed a timely claim for the 2013-2016 overpayments. Doc. 24 at 5-6. *Ryan* held that plaintiffs had properly filed a claim for a refund of a 1990 overpayment, and, in dicta, rejected the government's alternative argument that plaintiffs would have been required to file "an additional claim for the 1986 tax year simply because that was the liability to which the overpayment was applied." 64 F.3d at 1521 n.3.

### 2. Conclusion.

The Court need not decide this issue as to Counts 1-3 and 5, for which it appears subject matter jurisdiction will exist if Plaintiffs refile their suit based on the March 23 administrative claim. But that administrative claim does not address Waltner's individual 2016 claim in Count 4. For that count, Waltner alleges exhaustion based only on his tax return.

*Greene-Thapedi* seems to support Defendant's position that once the IRS applied Waltner's 2016 overpayment to his 2008 liability, the ultimate dispute turned on whether Waltner owed a 2008 tax balance. To provide fair notice to the IRS of his claim that he did not owe 2008 taxes, and that his 2016 overpayment was therefore improperly applied to 2008 and should be returned to him, Waltner was required to file an administrative claim

for that year within two years of March 5, 2018, the date of payment. 26 U.S.C. § 6511(a). Plaintiff's cited footnote in *Ryan* is dicta, and none of the other cases grapples with how the IRS's crediting of an overpayment to a previous year's tax liability implicates administrative exhaustion under § 6511.

The Court is persuaded by *Greene-Thapedi* and Defendant's reading of the statutory scheme's notice requirement. Waltner has produced no evidence of an administrative claim for the 2008 liability he now effectively challenges, and the Court lacks subject matter jurisdiction over Count 4. The Court will dismiss this claim.

The Courts further notes that even if Waltner's 2016 tax return were deemed to constitute a claim under § 6532 and § 7422, the Court would lack jurisdiction over Count 4. As of March 5, 2018, Waltner still owed $12,410.33 for tax year 2008. Before challenging his 2008 tax liability – as his claim for return of the 2016 overpayment now does – Waltner must pay the assessed balance in full to establish the Court's subject matter jurisdiction. *Fordjour v. United States*, No. CV981977PHXROSJRI, 2002 WL 31720161, at *4 (D. Ariz. Aug. 29, 2002) (citing 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145, 150-51 (1960); *PCCE, Inc. v. United States*, 159 F.3d 425, 428-29 (9th Cir. 1998)). Waltner has produced no evidence that he has paid the full balance of his 2008 liability as necessary to establish the Court's jurisdiction over the claim.

**C.     Jurisdiction Through Amendment or Supplemental Pleading.**

Waltner has lodged a supplemental pleading as to Count 4, arguing that the Court may have acquired jurisdiction over the claim even though he sued prematurely. Docs. 26 at 2; 27. Notwithstanding the impediments to the Court's exercise of jurisdiction over Count 4 discussed above, it is not clear that supplemental pleading or amendment will cure the jurisdictional defect of premature suit under § 6532 as to the other claims. Plaintiffs cite, and the Court has identified, no Ninth Circuit law on point. Some courts have held that amendment cures premature filing. *See Harriman v. IRS*, 233 F. Supp. 2d 451, 459 (E.D.N.Y. 2002) (defendant's argument about premature suit was mooted after Plaintiff amended once six months passed); *Sumser v. Dist. Dir. of IRS*, No. Civ. 00-822-A, 2001

WL 241060, at *1 (E.D. Va. Jan. 12, 2001) (dismissing on other grounds but noting "that dismissal for lack of subject matter jurisdiction [based on premature suit was] unwarranted, because the court could simply grant the plaintiff leave to amend his complaint, therefore timely bringing the action").

Other courts have dismissed premature suits without granting leave to amend, or have held that neither the passage of time, supplemental pleading, or amendment could cure the jurisdictional defect. *Langley v. United States*, No. 16–206 T, 2017 WL 465340, at *10-*11 (Fed. Cl. Feb. 3, 2017) (under § 6532, jurisdiction is determined at time of filing original complaint and supplemental pleading cannot cure premature suit); *Redhead Mgmt., Inc. v. U.S. Virgin Islands*, Civil No. 2010–55, 2011 WL 1506040, at *4, *4n.4 (V.I. March 31, 2011) ("the Court does not find that amendment of a complaint would cure the defect that a suit or proceeding under 7422, 'began before the expiration of 6 months.'"); *Harris v. United States*, No. 99-228T, 2000 WL 141272, at *2 (Fed. Cl. Jan. 6, 2000) ("Although six months now have passed since plaintiff filed his refund claim with the IRS, this fact does not cure the procedural deficiency of his original claim. . . . Although RCFC 15(d) does allow for the cure of jurisdictional pleading defects by a supplemental pleading, the rule does not apply to cases in which a claimant has violated a specific statutory prohibition against filing a complaint before the expiration of a waiting period."); *Cook v. United States*, No. CIV.A. 3:97–CV–1657–D, 1997 WL 769476, at *2 (N.D. Tex. Dec. 5, 1997) (dismissing premature suit without discussing passage of time or leave to amend).

The Court finds the second set of cases more persuasive. Amending claims does not change the date on which they were filed – they still were filed prematurely. But the Court need not wade into this unresolved area of law when, as noted above, a clear cure for premature filing can be accomplished by filing a new suit asserting Counts 1-3 and 5. The Court will deny Plaintiffs' motion to file a supplemental pleading. Doc. 26.

### D. Count 6: Overpaid Civil Penalties.

Count 6 seeks a refund of civil penalties that Plaintiffs allege they have overpaid. Doc. 1 at 14. Count 6 cites no applicable law and Plaintiffs produce no documents or other materials demonstrating that the Court has subject matter jurisdiction over this claim. *See* Docs. 24, 25. To the extent that Count 6 asserts a claim distinct from Counts 1-5, the Court cannot identify its basis. Plaintiffs have not demonstrated administrative exhaustion or a waiver of sovereign immunity related to this claim. The Court will dismiss Count 6 without prejudice.

### E. Count 7: Damages under 26 U.S.C. § 7433.

Count 7 seeks damages under 26 U.S.C. § 7433 related to "Defendant's collection of taxes for 2007 and civil penalties for 2003 through 2008." Doc. 1 at 14. Section 7433 is a limited waiver of sovereign immunity for civil damages actions for reckless, intentional, or negligent collection of federal income tax or disregard of the applicable regulations. A plaintiff seeking damages under § 7433 must exhaust her administrative remedies under § 6532(a)(1) and § 7422(a) and must sue within two years of the action's accrual. *Id.* § 7433(d)(1), (3); *Singh v. C.I.R.*, 631 Fed. Appx. 457, 459 (9th Cir. 2015). A plaintiff must also follow the administrative procedure for filing a damages claim outlined in 26 C.F.R. § 301.7433-1. *Cox v. United States*, Civ. No. 17-00001 JMS-KSC, 2017 WL 2385341, at *6 (D. Haw. May 31, 2017) (waiver of sovereign immunity under § 7433 conditioned on exhaustion of administrative remedies in 26 C.F.R. § 301.7433-1); *Steinman v. IRS*, No. CIV 95–1889 PHX EHC, 1996 WL 512333, at *3 (D. Ariz. June 5, 1996) (citing the applicable regulation). To exhaust her administrative remedies under § 301.7433-1, a plaintiff must submit a claim containing the information listed in § 301.7433-1(e) and may not sue until six months after the claim is filed.

Plaintiffs deny that § 301.7433-1 applies and ask the Court to find the regulation unreasonable, nonbinding, and inconsistent with § 7433. Doc. 24 at 13-16. The Court declines to ignore the settled administrative exhaustion requirements of § 7433 and § 301.7433-1. *See, e.g.*, *Rodriguez v. United States*, No. CV–05–0189–PHX–JAT, 2006

WL 1791334, at *5 (D. Ariz. June 26, 2006) (citing *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992)). Given their argument that the regulation is nonbinding and inapplicable, Plaintiffs do not argue that they have complied with § 301.7433-1. But they seem nonetheless to cite their March 23, 2018 claim as evidence of exhaustion. *See* Doc. 24 at 16 (citing Doc. "19-2, Ex. B."). Plaintiffs have not shown, however, that the March 23 claim complies with § 301.7433-1(d)(ii)(2).

Plaintiffs have failed to demonstrate administrative exhaustion and waiver of sovereign immunity under § 7433. The Court will dismiss Count 7.

### F. Count 8: Damages under 26 U.S.C. § 7432.

Count 8 seeks damages under 26 U.S.C. § 7432 related to Defendant's alleged failure to release liens. Doc. 1 at 20. Section 7432 requires administrative exhaustion pursuant to 26 C.F.R. § 301.7432-1. *See Walker v. United States*, 210 F.3d 388 (9th Cir. 2000). Plaintiffs deny that § 301.7432-1 states jurisdictional exhaustion requirements, but seem to cite their March 23 claim as evidence of exhaustion. Doc. 24 at 16-17. Plaintiffs have not shown. However, that the March 23 claim complies with § 301.7432-1(e)(ii)(2).

Plaintiffs have failed to demonstrate administrative exhaustion and waiver of sovereign immunity. The Court will dismiss Count 7.

## IV. Plaintiffs' Other Motions.

Plaintiffs move to strike the first six paragraphs of Defendant's memorandum in support of its motion to dismiss, as well as several footnotes and a series of words. Doc. 23. A court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Court will deny the motion. Defendant's memorandum in support of its motion is not a pleading under Rule 12(f) and the rule therefore does not apply. *See id.*; *Warren v. RJM Acquisitions, LLC*, CIV 11-376 TUC FRZ (GEE), 2012 WL 12830193, at *1 (D. Ariz. March 20, 2012). ("Rule 12(f), however, applies only to pleadings, not motions.").

Plaintiffs also move for leave to file a surreply to Defendant's motion to dismiss. Doc. 34. The Court will deny the motion as moot.

**V.     Conclusion.**

The Court will dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. The Court advises the parties that should Plaintiffs re-file their action within six months of this order, the Court will direct the Clerk of Court to directly assign the new case to the undersigned Judge.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Docs. 19, 19-1) is **granted**. Plaintiffs' complaint (Doc. 1) is **dismissed without prejudice**. Plaintiffs' other pending motions (Docs. 23, 26, 34) are **denied**.

2. If Plaintiffs file a new action within six months of this order, the Clerk of Court is instructed to directly assign the new case to the undersigned Judge and not make an assignment of Judge via random selection.

3. Plaintiffs are further required to provide a copy of this Order to the Clerk of Court at the time the new action is filed.

4. The Clerk of Court is directed to terminate this action.

Dated this 11th day of January, 2019.

*David G. Campbell*
_____
David G. Campbell
Senior United States District Judge